518

(No. 7101—)

ELEANOR LIEDBERG, Admr. of Estate of CONDLEY V. LIEDBERG, deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1975.*

McKENNA, STORER, ROWE, WHILE & HASKELL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This case is before the Court on a Stipulation of Facts, which Stipulation is as follows:

"Now comes the parties hereto, by their respective counsel, and stipulate to the following facts;

1. That claimant, ELEANOR LIEDBERG, is the Administratrix of the Estate of CONDLEY V. LIEDBERG, Deceased;

2. That the action is brought pursuant to a ruling by the Fair Employment Practices Commission that decedent was discriminated against in applying for a position with the Illinois Department of Corrections as an adult parole officer;

3. That said decision, a copy of which is attached hereto and by this reference incorporated herewith, indicated that the decedent's race was one of the factors which resulted in his not being hired and that another factor was the decedent's age and/or health;

4. That the party hired in place of the decedent, one Andrew C. Cullin, received gross earnings for the period in question, 8-16-68 to 6-24-70, or $14,416.00.

5. That the decedent, during this period of time, had gross earnings in excess of this amount, but that his principal employers paid him gross earnings of at least $12,917.32 for the years 1969 and 1970;

6. That the decedent's tax returns and W2 forms for the period in question, some of which are incomplete, are submitted as Claimant's exhibit.

7. That CONDLEY V. LIEDBERG died on June 24, 1970;

8. That the claimant contends that she is due the amount of $2,182.00 which the Respondent denies;

9. That the respondent denies that the claimant is due any sum and further states that said claim does not survive the death of the aggrieved applicant, CONDLEY V. LIEDBERG.

10. That the parties agree that the Court may make a determination in this matter without any evidence being presented herein."

The action was brought pursuant to a ruling by the Fair Employment Practices Commission which held that the decedent, Condley Liedberg, was discriminated against when he applied for a position with the Illinois Department of Corrections as an adult parole officer.

It appears from the records that Condley Liedberg and Andrew C. Cullins both had applied for the position of Adult Parole Agent. The job required working in the area of 63rd Street and Cottage Grove in Chicago, a predominantly black area and considered one of the tough areas in Chicago. Liedberg was white and Cullins was black.

Both applicants were tested and Liedberg received a score of 77.60 while Cullins received a score of 70.80.

Cullins lived closer to the area and was 23 years younger than Liedberg. Both men were impressive from a physical standpoint and both appeared to be comparable in experience. Cullins was selected for the position because of his youth, size, and close proximity to the district. Liedberg contends that he failed to receive the job because of his race. He stated that the Superintendent remarked, "I guess you understand I am hiring nothing but shines for the black belt." This statement was denied by the Superintendent. However, on cross examination, the Assistant Superintendent did state that "A negro would be more receptive with respect to the community." His theory was that in a colored district a colored officer would be more acceptable.

The Commission concluded that race could not be considered a factor in any degree in an employment decision. Otherwise, the act could very well be circumvented. The Commission contends that it matters not whether an employer gives race, color, religion, little or no weight. The question is — were any of these factors given any consideration at all. The command of the Act states that race, color, religion, national origin, and ancestry cannot be considered at all nor could the degree of risk involved be considered a factor, as this is a factor for the employee to evaluate and assume if he so desires. Closeness to work cannot influence an employment decision, as this, too, could be used as a subtle discrimination in interpreting the Act. Those matters could be used as a smoke screen to accomplish what the Act prohibits.

The Commission reversed the order of the hearing examiner because the Fair Employment Practices Act was violated in refusing to hire Liedberg based to a certain extent on his being thought that a black would be more acceptable because of the neighborhood.

Liedberg brought a complaint for $2,182.00 being the sum he complained he lost by reason for not being hired. Andrew Cullins, who had been hired, was paid $14,416.00 for the period of time from August 16, 1968 to June 24, 1970, this being the period Liedberg was off the job. Apparently during that time, Liedberg earned less money. It is not clear how the claimant arrived at $2,182.00 as being the damages, but the respondent does not indicate why that sum is incorrect.

The complaint was actually filed by Eleanor Liedberg, as Administrator of the Estate of Condley Liedberg, deceased. The State contends that the action here does not survive. However, it is the opinion of this Court that the action is in the nature of a suit for breach of contract and such action does survive.

It is hereby ordered that the sum of $2,182.00 be awarded to the claimant in full satisfaction of any and all claims presented to the State of Illinois for the salary during the period for which recovery is sought.